# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 22-1551C
(Filed: February 28, 2023)

| | |
|---|---|
| **JACQUELINE K. JOLLY**, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| *Defendant.* | ) ) ) |

*Jacqueline K. Jolly, Ph.D.*, Cleveland, OH, *pro se*.

*Daniel Bertoni*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington DC, for defendant, with whom on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Patricia M. McCarthy*, Director, *Claudia Burke*, Assistant Director, and *Igor Helman*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC. *Erica M. Skelly*, Staff Attorney, Office of General Counsel, Department of Veterans Affairs, Akron, OH, Of Counsel.

## OPINION AND ORDER[1]

On October 17, 2022, plaintiff *pro se* Jacqueline K. Jolly, Ph.D., filed this action alleging her former employer, the United States Department of Veterans Affairs (VA), engaged in a series of illegal employment actions ultimately resulting in her termination after more than 20 years of government service. Dr. Jolly's claims include defamation and violations of: Title VII of the Civil Rights Act of 1964 (Title VII), as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a); the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C.

---

[1] This case was transferred to the undersigned for adjudication on December 22, 2022, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims (RCFC). *See* ECF 7–8. Briefing on the pending motions continued through February 14, 2023. *See* ECF 6, 10–11, 13, 15.

§ 1101 *et seq.*; and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Dr. Jolly seeks injunctive relief, including reinstatement, and $2 million in damages.

Pending before the Court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and 12(b)(6), respectively. *See* ECF 6. Specifically, defendant argues the Court lacks jurisdiction to hear all of Dr. Jolly's claims except her FLSA claim. Regarding that claim, defendant avers, as pled, the complaint fails to assert a viable claim for statutory overtime backpay. In opposing the government's motion, Dr. Jolly seeks discovery in the form of patient medical records related to her tenure as a VA psychologist. *See* ECF 10 & 15.

I.  **Subject Matter Jurisdiction**

In determining whether the Court has subject matter jurisdiction to entertain a claim, all undisputed facts asserted in the complaint must be accepted as true and reasonable inferences drawn in plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Moreover, where, as here, Dr. Jolly is proceeding *pro se*, the Court construes her pleading liberally. *See, e.g.*, *Kinney v. United States*, 161 Fed. Cl. 644, 647 (2022) ("[P]ro se plaintiffs are 'not expected to frame issues with the precision of a common law pleading.'") (quoting *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987)). Nevertheless, *pro se* plaintiffs must establish the Court's jurisdiction by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

In this case, the Court must dismiss all of Dr. Jolly's claims save her FLSA claim for want of subject matter jurisdiction. Dr. Jolly's employment-discrimination (and retaliation) claims based on race, sex, and age arise under Title VII and the ADEA. It is well settled that jurisdiction over such claims lies exclusively with the federal district courts. *See Taylor v. United States*, 310 F. App'x. 390, 392–93 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims."); *Canonica v. United States*, 41 Fed. Cl. 516, 523 (1998) ("[Court of Federal Claims] does not have jurisdiction over actions brought under the ADEA; exclusive jurisdiction rests with federal district courts.") (citations omitted).

Next, Dr. Jolly's wrongful termination and whistleblower retaliation claims constitute claims of adverse employment action, which are covered by the CSRA. *See Hall v. United States*, 617 F.3d 1313, 1316 (Fed. Cir. 2010) (unlawful removal and whistleblower reprisal claims fall within the CSRA). Jurisdiction over such

claims is similarly vested exclusively in federal district court. *Id.* ("It is well established that the Court of Federal Claims lacks jurisdiction over personnel actions that are covered by the CSRA.") (citing *United States v. Fausto*, 484 U.S. 439, 449 (1988)).

Lastly, Dr. Jolly's defamation claim–which "sounds in tort"–also falls outside this Court's subject matter jurisdiction. *See Golden v. United States*, 118 Fed. Cl. 764, 772 (2014) ("Cases sounding in tort, such as defamation, are expressly excluded by the [Tucker Act].") (citing 28 U.S.C. § 1491(a)(2)).

## II.     Potential Transfer

Before dismissing Dr. Jolly's claims pursuant to RCFC 12(b)(1), the Court considers whether a transfer under 28 U.S.C. § 1631 is proper. Section 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631. "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice.'" *Willis v. United States*, No. 21-2170, 2022 WL 54443, at *3 (Fed. Cl. Jan. 6, 2022) (quoting *Brown v. United States*, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)).

For Dr. Jolly's claims of employment discrimination, wrongful termination, whistleblower retaliation, and defamation, the first requirement is easily satisfied because this Court lacks subject matter jurisdiction to hear them.

The second requirement is potentially satisfied for the employment discrimination and retaliation claims since, as explained *supra*, federal district courts have exclusive jurisdiction over Title VII and ADEA claims. In this case, given the location of Dr. Jolly's VA employment, as pled, the United States District Court for the Northern District of Ohio is likely the appropriate venue. However, a proper transfer of the claims would involve factual inquiries not currently before this Court: whether the 90-day statute of limitations governing Dr. Jolly's Title VII and ADEA claims had run prior to her filing this action on October 17, 2022.[2]

---

[2] The statute of limitations for both Title VII and ADEA claims is 90 days from the receipt of final agency action. *See* 42 U.S.C. § 2000e-16 (90-day statute of limitations for federal-sector Title VII

The second element is not satisfied for Dr. Jolly's wrongful termination, whistleblower, and defamation claims. Dr. Jolly's CSRA claims (i.e., wrongful termination and whistleblower claims) must be presented to the Merit Systems Protection Board (MSPB). *See Read v. United States*, 254 F.3d 1064, 1067 (Fed. Cir. 2001) (removal claim); *Piccolo v. Merit Sys. Prot. Bd.*, 869 F.3d 1369, 1371 (Fed. Cir. 2017) (retaliation claim). Section 1631 permits transfers to "courts" as defined in 28 U.S.C. § 610 which, in turn, does not include the MSPB. As for Dr. Jolly's defamation claim, the United States has not waived sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. § 2680(h), for any claims alleging libel, slander, or defamation. *See Golden*, 118 Fed. Cl. at 770. The Court, therefore, may not properly transfer her defamation claim to any court.

For those claims which satisfy the first and potentially the second element–namely, the employment discrimination and retaliation claims–a transfer would not serve the interests of justice. As the Court recently reiterated,

> "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011) (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999)).

*Willis*, 2022 WL 54443, at *3. Even liberally construed, Dr. Jolly's claims of employment discrimination and retaliation proffer merely "conclusory allegations," lacking necessary specificity as to the underlying factual basis. *See, e.g.,* ECF 1 at 11 ("Defendants conspired to [engage in] and were involved in . . . intentional discrimination [and] harassment."); *see Pollack v. United States*, No. 11-19, 2011 WL 5330313, at *6 (Fed. Cl. Nov. 7, 2011) ("When assessing the merits of a plaintiff's case, the court need not accept conclusory allegations or legal conclusions masquerading as factual conclusions.") (cleaned up) (citing cases), *aff'd*, 498 F. App'x. 19 (Fed. Cir. 2012). As such, transfer is not warranted.

---

claims); *Price v. Bernanke*, 470 F.3d 384 (D.C. Cir. 2006) (same for federal-sector ADEA claims) (citing 29 U.S.C. § 626(e)). The record is not clear whether and, if so, when Dr. Jolly received a "Right to Sue" letter from the Equal Employment Opportunity Commission, thereby triggering the 90-day clock. *See* ECF 10 at 2 (Dr. Jolly's request for a "Right to Sue" letter dated July 24, 2022).

### III. FLSA Claim

The FLSA requires the payment of overtime compensation when the United States employs a non-exempt worker in excess of a 40-hour workweek. *See* 29 U.S.C. §§ 207(a)(2)(C) & 213(a)(1). Monetary claims for unpaid overtime compensation under the FLSA against the federal government are within the jurisdiction of the Court of Federal Claims. *Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014) ("[T]he Tucker Act applies to a claim against the government under the monetary-damages provision of the FLSA.") (citing cases).

To prevail on her FLSA claim for unpaid overtime compensation, Dr. Jolly must demonstrate: (1) she was a non-exempt VA employee or otherwise subject to the protections of the FLSA; (2) each activity for which she seeks overtime compensation constitutes "work"[3]; (3) the work claimed is integral or principally related to her job description or assignment; and (4) the claimed additional work was not *de minimis*. *See Abbey v. United States*, 124 Fed. Cl. 397, 401 (2015) (citing cases), *cited in Akpeneye v. United States*, 146 Fed. Cl. 356, 365 (2019).

Although not the model of clarity and lacking sufficient detail, Dr. Jolly's complaint, liberally construed, generally alleges she was compelled to work beyond the statutory 40-hour-a-week limit without due compensation. *See* ECF 1 at 10. More specifically, Dr. Jolly alleges the VA demanded that she work through lunch, during breaks, and before and after normal business hours presumably *in addition to* her ordinary 40-hour workweek. *See id.* at 16. In connection with this claim, she seeks money damages in the form of "lost wages . . . [for] violations of labor law." *See id.* at 11.

Nevertheless, Dr. Jolly's complaint and three responses to defendant's pending motion to dismiss her FLSA claim under RCFC 12(b)(6) fail to specify, among other material facts: (1) whether she was a non-exempt VA employee or otherwise covered by the FLSA; (2) the dates and times she purportedly worked overtime during the relevant statute of limitations period[4]; (3) at whose direction within the VA she purportedly worked overtime; (4) with whose knowledge at the VA she purportedly worked overtime; (5) the precise work she claims to have

---

[3] To constitute "work," the activity must have been "(1) undertaken for the benefit of the employer, (2) known or reasonably should have been known by the employer to have been performed, and (3) controlled or required by the employer." *Bull v. United States*, 68 Fed. Cl. 212, 220 (2005) (internal citations omitted).

[4] The statute of limitations for FLSA claims is two years unless Dr. Jolly shows the VA acted willfully; in that case the extended three-year statute of limitations applies. *See Armstrong v. United States*, No. 22-46, 2022 WL 17730001, at *5 (Fed. Cl. Dec. 16, 2022) (quoting 29 U.S.C § 255(a); citing *Santiago v. United States*, 107 Fed. Cl. 154, 159 (2012)). Since the complaint in this case was filed on October 17, 2022, Dr. Jolly's maximum potential recovery is from October 17, 2019, until the earlier of her placement on administrative leave or termination.

performed outside the 40-hour workweek; (6) whether the alleged overtime work related to her job description and/or assigned duties; (7) the total number of hours of overtime she allegedly worked during the applicable two- or three-year statute of limitations period; and (8) the dates she was placed on administrative leave and thereafter terminated.  These deficiencies prevent the Court from meaningfully assessing whether Dr. Jolly's FLSA claim should survive dismissal.

For these reasons, the Court directs Dr. Jolly to file an amended complaint limited to her FLSA claim for unpaid overtime compensation.  In the amended pleading, Dr. Jolly shall specify the factual basis for her overtime claim including the critical information outlined in the preceding paragraph.  Dr. Jolly's amended complaint will be filed by leave of the Court pursuant to RCFC 15(a)(2).  Failure to comply with this Order will result in the dismissal of this action for failure to prosecute under RCFC 41(b).  In accordance with RCFC 15(a)(3), defendant shall respond to Dr. Jolly's amended complaint within 14 days of its filing.

## IV. Discovery

Generally, courts allow broad discovery and discovery rules are interpreted liberally.  *See New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807 (2015) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Discovery at this stage, however, is typically restricted since dismissal centers on the legal assessment of the complaint's sufficiency.  *See, e.g.*, *Harris v. United States*, 868 F.3d 1376, 1378 (Fed. Cir. 2017) (affirming trial court's denial of discovery because the issues "implicate legal questions for which no fact discovery was required").  Although rare, courts may allow limited discovery necessary to resolve a pending dispositive motion.  *See, e.g.*, *Fairholme Funds, Inc. v. United States*, 114 Fed. Cl. 718, 721–22 (2014) (plaintiff entitled to limited discovery to respond to RCFC 12(b)(1) and 12(b)(6) motions where defendant made factual assertions beyond and contradicting allegations in complaint).  Of note, in *Fairholme Funds*, the plaintiff not only specified the discovery sought but explained how that discovery would demonstrate the court's jurisdiction and viability of the claims.[5]  *Id.* at 722.

Dr. Jolly seeks discovery in the form of access to the VA's Computerized Patient Record System (CPRS); but the pleadings fail to explain the necessity of the requested discovery, particularly as to her now-remaining FLSA claim.  *See* ECF 10-1 at 1.  The requested patient records include Dr. Jolly's clinical notes, on which she presumably seeks to rely in disputing her termination (i.e., documenting

---

[5] The Court's jurisdiction to hear Dr. Jolly's FLSA claim is not in dispute.  As such, jurisdictional discovery is not at issue.  *Cf. Fox Logistics & Constr. Co. v. United States*, 145 Fed. Cl. 236, 239 (2019) ("When jurisdictional facts are in dispute, jurisdictional discovery is appropriate.") (citing *Hopi Tribe v. United States*, 113 Fed. Cl. 43, 50 (2013)).

patient care). As explained *supra*, this Court lacks jurisdiction to adjudicate Dr. Jolly's challenge to her termination. Accordingly, to the extent the patient records are sought for this purpose, they are not relevant to this matter.

Nonetheless, the Court considers whether the requested patient records are relevant to and necessary for Dr. Jolly to file an amended complaint focused on her FLSA claim and, thereafter, respond to an anticipated renewed dispositive motion. Appended to Dr. Jolly's consolidated response to defendant's motion to dismiss and request for discovery are what appear to be excerpts of Dr. Jolly's clinical notes. *See* ECF 10 at 28–42. Although the notes purport to include the date and time as recorded by Dr. Jolly, they do not account for or distinguish between a 40-hour workweek and overtime. At this stage, moreover, in accordance with RCFC 8(a), Dr. Jolly needs only "a short and plain statement of [her FLSA] claim[] showing that [she] is entitled to relief" (i.e., state the factual basis for her overtime claim including the critical information outlined in the preceding section). Should this case move beyond the initial pleading phase, patient records may be relevant to corroborating allegations of, for example, the number of patients seen on a particular day or during a particular week, working through the lunch hour or before or after regular working hours. Put simply, the request is, at best, premature.[6] Accordingly, the Court denies Dr. Jolly's request for discovery at this time.

## CONCLUSION

For the foregoing reasons,

(1) Defendant's Motion to Dismiss plaintiff's complaint for lack of subject matter jurisdiction under RCFC 12(b)(1) as to all claims except the FLSA claim (ECF 6) is **GRANTED**.

(2) Defendant's Motion to Dismiss plaintiff's FLSA claim for failure to state a claim upon which relief can be granted under RCFC 12(b)(6) (ECF 6) is **DENIED without prejudice**.

(3) Plaintiff shall **FILE** an Amended Complaint consistent with this Order on or before **March 14, 2023**, limited to her FLSA claim for unpaid overtime compensation.

---

[6] Significantly outweighing their limited probative value at this juncture is the fact the records are rife with sensitive patient information (e.g., medical issues, diagnoses, treatment; therapy session quotes and summaries; patients' ages and personal histories; dependent information). In granting access to the patient portal, Dr. Jolly–a former VA employee–likely would have access to current patient information as well as the medical records of patients she never treated.

(4) Plaintiff's Amended Complaint may be rejected by the Court if the pleading fails to address the material facts listed below and outlined in Section III of this Order:

    a. Whether plaintiff was a non-exempt VA employee or otherwise covered by the FLSA;

    b. The dates and times plaintiff purportedly worked overtime during the relevant statute of limitations period;

    c. At whose direction within the VA plaintiff purportedly worked overtime;

    d. With whose knowledge at the VA plaintiff purportedly worked overtime;

    e. The precise work plaintiff claims to have performed outside the 40-hour workweek;

    f. Whether the alleged overtime work related to plaintiff's job description and/or assigned duties;

    g. The total number of hours of overtime plaintiff allegedly worked during the applicable two- or three-year statute of limitations period; and

    h. The dates plaintiff was placed on administrative leave and thereafter terminated.

(5) The Clerk of Court shall **FILE** plaintiff's Amended Complaint by leave of the Court in accordance with RCFC 15(a)(2).

(6) If no amended complaint is received, the Court will issue an order dismissing the complaint for failure to prosecute pursuant to RCFC 41(b).

(7) Defendant shall **FILE** a response to plaintiff's Amended Complaint within **14 days** of the filing of the amended pleading by leave of the Court.

(8) Plaintiff's Motion for Leave to Conduct Discovery (ECF 10) is **DENIED without prejudice**.

(9) Filings not filed within this scope of this Order may be **REJECTED** by the Court.

8

It is so **ORDERED**.

                                                                  Armando O. Bonilla
                                                                  Judge